IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JANE DOE C.O. and JANE DOE S.D.,<br><br>Plaintiffs,<br><br>vs.<br><br>UTAH VALLEY UNIVERSITY; DERRICK PICKERING; and JOHN DOES 1–10,<br><br>Defendants. | ORDER GRANTING STIPULATED MOTION TO PROCEED BY PSEUDONYM<br><br>Case No.2:24-cv-669-DBB-DBP<br><br>District Court Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

The parties filed a stipulated motion seeking leave to allow Plaintiffs Jane Doe C.O. and Jane Does S.D. ("Plaintiffs") to proceed by pseudonym.[1] The court grants the motion because this case implicates matters of a highly sensitive and personal nature.[2]

## LEGAL STANDARD

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all parties."[3] There is no provision under the federal rules that allows for "suits by persons using fictitious names" or "anonymous plaintiffs."[4] However, "exceptional circumstances" may warrant "some form of anonymity in judicial proceedings."[5] Exceptional circumstances include

---

[1] ECF No. 15, Stipulated Motion to Proceed by Pseudonym ("Motion").

[2] Oral argument is unnecessary; this decision is based on the parties' stipulated motion. *See* DUCivR 7-1(g).

[3] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a).

[4] *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989).

[5] *Femedeer v. Haun,* 227 F.3d 1244, 1246 (10th Cir. 2000).

situations "involving matters of highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[6] In deciding whether to preserve anonymity, the court weighs any exceptional circumstances with the public's interest in access to legal proceedings.[7] Courts are afforded "discretion [in] allow[ing] a plaintiff to proceed using a pseudonym."[8]

## DISCUSSION

Plaintiffs allege they are victims of sexual abuse and, as part of this case, will be required to delve into private, sensitive and traumatic experiences relating to their claims of sexual battery, assault and emotional distress.[9] This subject matter implicates Plaintiffs' personal and highly sensitive information.

On balance, given the nature of the case, the private and sensitive information that will be disclosed and the stipulation of the parties, the court, in its discretion, finds that exceptional circumstances weigh against disclosure of the pseudonymous plaintiffs' identities.

## ORDER

Because the motion to proceed pseudonymously is stipulated and the case implicates matters of highly sensitive and personal matters, the motion is granted.[10] Accordingly, Plaintiffs Jane Doe C.O. and Jane Doe S.D. may proceed pseudonymously in this action.

---

[6] *Id.* (internal quotation marks omitted).

[7] *See id.*

[8] *U.S. Dep't of Just. v. Utah Dep't of Com.,* No. 2:16-cv-00611, 2017 U.S. Dist. LEXIS 34882 at *3 (D. Utah Mar. 10, 2007) (unpublished) (*citing Lindsey v. Dayton-Hudson Corp.,* 592 F.2d 1118, 1125 (10th Cir. 1979)); *M.M. v. Zavaras,* 139 F.3d 798, 803 (10th Cir. 1998) (internal quotation marks omitted) (the court's decision to allow a pseudonym is based on "informed discretion, after taking all relevant factors into consideration.").

[9] ECF No. 1, Complaint.

[10] ECF No. 15.

Within fourteen days of this order, the pseudonymous plaintiffs shall file, under seal in accordance with DUCivR 5-3, affidavits disclosing their full legal names and dates of birth. Plaintiffs must send a copy of the same to the Defendants.

The filing shall remain under seal unless otherwise ordered by the court.

DATED this 17th day of October, 2024

BY THE COURT:

_____
DUSTIN B. PEAD
UNITED STATES MAGISTRATE JUDGE